THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RIVERBOAT GROUP, LLC

Plaintiff,

vs.

IVY CREEK OF TALLAPOOSA, LLC,

Defendant.

3:18-CV-147

## COMPLAINT

COMES NOW the Plaintiff, Riverboat Group, LLC d/b/a Vanguard Labs LLC and files this Complaint. In support, Plaintiff states as follows:

### Parties, Jurisdiction and Venue

#### A. Plaintiff

1. Riverboat Group, LLC is a Delaware series limited liability company.

2. Riverboat Group, LLC's sole member is Atrium RB Group, LLC.

3. Atrium RB Group, LLC is also a Delaware series limited liability company.

4. Atrium RB Group, LLC has three members:

    a) Logan Trotter is a citizen of Louisiana domiciled in New Orleans, Louisiana;
    b) Aaron Motwani is a citizen of Louisiana domiciled in New Orleans, Louisiana;
    c) Clayton White is a citizen of Alabama domiciled in Theodore, Alabama.

#### B. Defendant

5. Ivy Creek of Tallapoosa, LLC is a domestic limited liability company.

6. Ivy Creek of Tallapoosa, LLC's sole Member is Ivy Creek Healthcare, LLC.

7. Ivy Creek Healthcare, LLC is a foreign limited liability company.

8. Michael D. Bruce is the sole member of Ivy Creek Healthcare, LLC. Michael D. Bruce is a citizen of Florida domiciled in Miami, Florida.

9. As more fully set forth below, the Plaintiff is seeking Damages in excess of $75,000.00, exclusive of interest and costs.

10. Original jurisdiction is couched in the district court in the instant matter by virtue of 28 USC §1332 (1), which sets out that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…(1) citizens of different states."

11. Venue is proper in this Court by virtue of 28 USC §1331 (b) (2) because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## Background Facts

12. Plaintiff provides clinical laboratory services on a per-request basis to health care facilities.

13. On or about May 11, 2016, Plaintiff entered into a contract with Defendant to provide clinical laboratory services ("the Contract"). A copy of the Contract is attached hereto and marked **Exhibit A**.

14. Plaintiff provided laboratory services to Defendant pursuant to the Contract; however, Defendant has failed, and or, refused to pay Plaintiff for services it provided pursuant to the Contract.

15. An itemization of the services rendered by Plaintiff that Defendant did not pay for is attached hereto and marked **Exhibit B**.

16. As set forth in **Exhibit B**, Defendant owes Plaintiff the sum of $ 250,024.81 for services rendered, exclusive of interest and attorney fees.

17. In addition, the Contract has a choice of law provision, Section V Provision 2, which states that the Contract is to be governed by and construed in accordance with the laws of the State of Delaware.

18. In accord with 6 Delaware Code §2301, Plaintiff also claims pre-judgment interest calculated from February 2017 at the rate of 6.25%.

### COUNT ONE – Breach of Contract

19. Plaintiff adopts and incorporates as if fully alleged herein all of the previous paragraphs of this complaint.

20. Plaintiff contracted with the Defendant to provide laboratory services and Plaintiff, pursuant to the Contract, did provide the services required in the Contract.

21. Defendant breached the Contract between the Defendant and Plaintiff by failing to pay for the services provided by Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendant for contractual damages and any and all other damages and remedies to which Plaintiff may be entitled including interest, costs and expenses.

### COUNT TWO – Open Account

22. Plaintiff adopts and incorporates as if fully alleged herein all of the previous paragraphs of this complaint.

23. Plaintiff provided laboratory services to Defendant on Open Account.

24. Defendant has failed and/or refused to pay for the laboratory services provided to Defendant.

25. An itemization of the services provided by Plaintiff to Defendant for which payment is due is attached hereto as **Exhibit B**.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages on open account and any and all other damages and remedies to which Plaintiff may be entitled including interest, costs and expenses.

### COUNT THREE – Unjust Enrichment

26. Plaintiff adopts and incorporates as if fully alleged herein all of the previous paragraphs of this complaint.

27. Plaintiff provided laboratory services to Defendant at the request of Defendant.

28. Defendant has failed, and or refused, to pay Plaintiff for the laboratory services provided to Defendant.

29. Defendant is unjustly enriched by receipt of these services without having paid Plaintiff for said services.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages for unjust enrichment and any and all other damages and remedies to which Plaintiff may be entitled including interest, costs and expenses.

Dated this 27th day of February, 2018.

Kent D. McPhail, (MCP008)
Jason Crane (CRA068)
*Attorneys for Plaintiff*

**Of Counsel:**
Dumas & McPhail, LLC
126 Government Street
Mobile, Al 36602
(251)438-2333
(251)438-2367 fax
Kent@dumasmcphail.com
Jason@dumasmcphail.com

**Serve Defendant via Certified Mail at:**
16020 SW 80th Avenue
Miami, FL 33157