IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RIVERBOAT GROUP, LLC, | ) | |
| d/b/a Vanguard Labs, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:18-cv-147-WC |
| | ) | |
| IVY CREEK OF TALLAPOOSA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Riverboat Group, LLC, has brought claims against Defendant Ivy Creek of Tallapoosa, LLC, for breach of contract, open account, and unjust enrichment. Plaintiff filed a Motion for Summary Judgment (Doc. 17), and Defendant filed a response (Doc. 21). Plaintiff's motion is briefed and ripe for consideration. For the reasons below, the Court finds that Plaintiff's Motion for Summary Judgement is due to be DENIED.

**I.   STANDARD OF REVIEW**

Under Rule 56(a) of the Federal Rules of Civil Procedure, a reviewing court shall grant a motion for "summary judgment if the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Only disputes about material facts will preclude the granting of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party. An issue is 'material' if it might affect the outcome of the

case under the governing law." *Redwing Vehicleriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson*, 477 U.S. at 248).

Under Rule 56, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Id.* at 322–23.

Once the movant has satisfied this burden, the nonmoving party must "go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. In doing so, and to avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The parties must support their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically

stored information, affidavits or declarations, stipulations[], admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B).

If the nonmovant "fails to properly address another party's assertion of fact" as required by Rule 56(c), then the court may "consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2) & (3).

In determining whether a genuine issue for trial exists, the court must view all the evidence in the light most favorable to the nonmovant. *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003). Likewise, the reviewing court must draw all justifiable inferences from the evidence in the nonmoving party's favor. *Anderson*, 477 U.S. at 255. However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam). Furthermore, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990); *see also Anderson*, 477 U.S. at 249–50 ("If the evidence [on which the nonmoving party relies] is merely colorable, or is not significantly probative, summary judgment may be granted.") (internal citations omitted).

## II. FACTUAL BACKGROUND

The evidentiary materials submitted by parties, construed in a light most favorable to the non-movant, establish the following facts:

Plaintiff, a Delaware limited liability company, provides clinical laboratory services on a per-request basis to health care facilities. Doc. 1 ¶¶ 1, 12. Defendant is the owner of and operator of Lake Martin Community Hospital ("LMCH") in Dadeville, Alabama. Doc. 22 ¶ 3. Michael Bruce is the CEO of operations and administration at LMCH. Doc. 22 ¶ 4. In the Fall of 2015, Bruce was contacted by a Kevin Robson, a representative of Plaintiff about a possible business opportunity for LMCH. Doc. 22 ¶ 5. Robson explained to Bruce that he had a network of several hundred physicians and clinics in Alabama who provided chronic pain management services for patients who were required to have monthly routine drug screens. *Id.* Although Plaintiff at one point could bill Blue Cross Blue Shield Insurance Company ("BCBS") directly, recent changes by BCBS required that (1) only an Alabama health care provider could be reimbursed for Alabama insureds and (2) only a hospital laboratory with a BCBS approved provider number could remit invoices to BCBS for payment of laboratory services. Doc. 22 ¶ 5. Plaintiff was looking for a referring lab in Alabama that would accept urine specimens, deliver them to Plaintiff's laboratory in New Orleans where the drug screens would be performed, and bill BCBS for services provided by Plaintiff. *Id.* As a result of these discussions and further discussions with representatives of Plaintiff, Defendant entered into a contract with Plaintiff on May 11, 2016. Doc. 1 ¶ 13.

At some point after the contract was executed, the volume of urine specimens to be tested increased from an average of thirty per month to 1,100 per month. Doc. 22 ¶ 8. Both parties performed under the terms of the contract until September 2016, when BCBS notified LMCH that it would be conducting an audit based on the increased number of drug screens. *Id.* at ¶ 11. With respect to an audit, the parties' contract contains the following provision:

> If any payor requires that [Defendant] provide the ordering physician/practitioner's medical records for a pre-payment or post-payment review or audit being conducted by payor, [Defendant] will notify [Plaintiff] in writing (via email is permissible), and [Plaintiff] shall assist in obtain[ing] the pertinent medical records and provide them to [Defendant] within the timeline designated by [Plaintiff] such that [Plaintiff] can meet the timeline required by payor.

Doc. 1-1 at 3, ¶5. During the audit by BCBS, Plaintiff did not provide to Defendant the necessary physician records, charts, or other documents establishing that the drug screening for each patient was reasonably and medically necessary. Doc. 22 at ¶ 13. Because Defendant could not produce this documentation to BCBS for each drug screen, BCBS denied all pending claims and requested reimbursement for all previously paid claims. Doc. 22 ¶ 13. Under the contract and before BCBS conducted its audit, Plaintiff provided laboratory services in the amount of $399,128.70. Doc. 17-1 ¶ 12. Defendant paid Plaintiff for $154,103.89, leaving a balanced of $245,024.81. *Id.* Plaintiff has sued Defendant for the remaining balance, alleging claims of breach of contract, open account, and unjust enrichment. The parties' contract states that it shall be governed by and construed in accordance with the laws of the State of Delaware. Doc. 1-1 at 7, ¶ 2.

## III. DISCUSSION

### (A) Breach of Contract Claim

Under Delaware law, to sustain a breach of contract claim, the plaintiff must establish (1) the existence of an express or implied contract; (2) the breach of an obligation imposed by that contract; and (3) resulting damages to the plaintiff. *Edelstein v. Goldstein*, No. CIV.A.09C-05-034DCS, 2011 WL 721490, at *5 (Del. Super. Ct. Mar. 1, 2011) (citing *VLIW Tech., LLC v. Hewlett–Packard Co.,* 840 A.2d 606, 612 (Del. 2003)). Furthermore, a plaintiff alleging breach of contract must demonstrate substantial compliance with all the provisions of his contract in order to recover damages for any breach. *Id.* (citing *Emmett S. Hickman Co. v. Emilio Capaldi Developer, Inc.*, 251 A.2d 571, 573 (Del. Super. Ct. 1969) and *Carroll v. Cohen,* 91 A. 1001, 5 Boyce 233 (Del. Super. Ct. 1914)). Additionally, as a general rule, the party first guilty of a material breach of contract cannot complain if the other party subsequently refuses to perform." *Edelstein,* 2011 WL 721490, at *5 (citing *Hudson v. D & v. Mason Contractors, Inc.,* 252 A.2d 166 (Del. Super. Ct. 1969)). While a slight breach by one party will give rise to an action for damages, it will not necessarily terminate the other party's obligations under the contract. *Preferred Fin. Servs., Inc. v. Bus. Builders for Entrepreneurs, LLC*, No. CV CPU4-15-001583, 2016 WL 4537759, at *3 (Del. Com. Pl. Aug. 30, 2016). The other party's nonperformance—after the breaching party committed only a slight breach—would itself constitute a breach of contract. *Tektree, LLC v. Borla Performance Indus., Inc.*, No. CIV.A. CPU4-12-00291, 2013 WL 5230705, at *4 (Del. Com. Pl. Sept. 16, 2013) (citing *Eastern Elec. & Heating, Inc. v. Pike Creek Prof'l Ctr.,* 1987 WL 9610, at *4 (Del. Super. Ct. April 7, 1987)).

On the other hand, a material breach discharges the other party's duty to perform. *Tektree,* 2013 WL 5230705, at *4 (citing *Brasby v. Morris,* 2007 WL 949485, at *4 (Del. Super. Ct. Mar. 29, 2007), in turn quoting *BioLife Solutions, Inc. v. Endocare, Inc.,* 838 A.2d 268, 278 (Del. Ch. 2003)). A material breach is a failure to do something so fundamental to a contract that it defeats the essential purpose of the contract or makes it impossible for the other party to perform. *Tektree,* 2013 WL 5230705, at *4 (citations omitted). Nonperformance of a contractual duty generally reaches this level of materiality only when it goes to the heart of the contract or would defeat the parties' object in making the contract—in other words, it is so important that the contract would not have been made without it. *Hexion Specialty Chems., Inc. v. Huntsman Corp.*, 965 A.2d 715, 753 n.99 (Del. Ch. 2008). Typically, the materiality of a breach is a fact question that cannot readily be resolved under the summary judgment standard. *Matthew v. Laudamiel*, No. CIV.A. 5957-VCN, 2014 WL 5499989, at *2 (Del. Ch. Oct. 30, 2014); *Branson v. Exide Elecs. Corp.*, 645 A.2d 568, 1994 WL 164084, at *2 (Del. Apr. 25, 1994) "[T]he 'issue of materiality . . . is . . . predominately a question of fact, which is not generally suited for disposition by summary judgment.'"); *Eagle Force Hldgs., LLC. V. Campbell*, 2018 WL 2351326, at *16 (Del. May 24, 2018) ("What [contract] terms are material is determined on a case-by-case basis, depending on the subject matter of the agreement and on the contemporaneous evidence of what terms the parties considered essential."); *Hexion*, 965 A.2d at 753 n.99 ("For purposes of the general rule that one party's uncured, material failure of performance under a contract calling for an exchange of performances will suspend or discharge the

other party's duty to perform, whether a nonperformance is sufficiently material is ordinarily an issue of fact.")

Here, Defendant does not dispute that it failed to reimburse Plaintiff for some of the laboratory services performed by Plaintiff. However, Defendant submitted an affidavit stating that, during the audit by BCBS, Plaintiff failed to provide the necessary medical records establishing that the service performed by Plaintiff was reasonably and medically necessary and, as a result, BCBS denied all pending claims and requested reimbursement for all previously paid claims. The contract expressly required Plaintiff to assist in obtaining medical records and to provide them to the Defendant in the event of a review or audit so Defendant could submit them to BCBS. Accordingly, there exists a genuine issue of a material fact as to whether Plaintiff was in substantial compliance with the contract, whether Plaintiff breached the contract first, and, if so, whether that breach constituted a material breach so as to relieve Defendant of its obligation to perform under the contract. For this reason, Plaintiff is not entitled to summary judgment on its breach of contract claim.

**(B)** **Open Account Claim**

In support of its claim for "open account" or "open book account," Plaintiff cites *Chrysler Corp. v. Airtemp Corp.*, 426 A.2d 845, 848 (Del. Super. Ct. 1980), which states as follows with respect to this type of claim in Delaware:

> A "book account" has been defined as "a detailed statement, kept in a book, in the nature of a debit and credit, arising out of contract or some fiduciary relation…." But the mere fact that a plaintiff carries a claim on its books does not alone establish liability on the part of defendant. If [a defendant] properly opposes it, the claim must be established according to the same

8

> standards applicable to other suits, namely, by a showing that the transaction between the parties entitles plaintiff to recover…. All of the elements essential to a contract must exist in order to permit recovery.

*Id.* at 849. The Court then recognized that plaintiff's claim under this theory turned on whether the defendant had a contractual obligation to pay the plaintiff for its services. *Id.* at 849. Thus, without addressing any requirements for establishing an "open account" or "open book account" claim, it is clear that Plaintiff is required to show that it is entitled to recover on the underlying transaction between the parties and that all of the elements essential to a contract must exist. Because there exists a genuine issue of material fact with respect to whether Plaintiff was in substantial compliance with the contract, whether Plaintiff first breached the contract, and whether such breach was material, there is also a genuine issue of material fact with respect to this claim.

### (C) Unjust Enrichment Claim

Unjust enrichment is the unjust retention of a benefit to the loss of another or the retention of another's money or property against the fundamental principles of justice or equity and good conscience. *Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010). The elements of unjust enrichment are: (1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided by law. *Id.* As to the fourth element, because Plaintiff failed to provide the documentation required by BCBS in order to pay for the claims that were submitted, there exists a genuine issue of material fact as to the absence of justification, i.e., whether Defendant was justified in failing to pay under the terms of the contract. As to the fifth element, Plaintiff has sued Defendant for breach of contract, demonstrating that

it has a remedy at law. The Court notes that Plaintiff included its unjust enrichment claim as an alternative to its breach of contract claim, but there is no dispute by either party that the contract governs their relationship. Further, Delaware law states that an unjust enrichment recovery is unavailable when a contract governs the parties' relationship. *BAE Sys. Info. & Elec. Sys. Integration, Inc. v. Lockheed Martin Corp.*, No. CIV.A. 3099-VCN, 2009 WL 264088, at *8 (Del. Ch. Feb. 3, 2009); *Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 891 (Del. Ch. 2009) ("A claim for unjust enrichment is not available if there is a contract that governs the relationship between parties that gives rise to the unjust enrichment claim. . . . Thus, '[w]hen the complaint alleges an express, enforceable contract that controls the parties' relationship . . . a claim for unjust enrichment will be dismissed.'") (citations omitted). Accordingly, Plaintiff is not entitled to summary judgment on this claim.

## IV. CONCLUSION

For the reasons stated above, it is ORDERED that Plaintiff's Motion for Summary Judgment is DENIED.

DONE this 17th day of October, 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE